## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEVIN GREEN,                                     :
1508 18th Street, SE, Apt. 2                      :
Washington, DC, 20020                            :          Case No. 15-1291
                                                 :
                          Plaintiff,             :
v.                                               :
                                                 :
EQUIFAX INFORMATION SERVICES, LLC,   :
                                                 :
Serve: CT Corporation System, Reg. Agent         :
       1015 15th Street, NW                       :
       Suite 1000                                :
       Washington, D.C. 20005                    :
and                                              :
                                                 :
EXPERIAN INFORMATION SOLUTIONS, INC:
                                                 :
Serve: Corporation Service Co., Reg. Agent       :
       1090 Vermont Avenue, NW                   :
       Washington, DC 2005                       :
and                                              :
                                                 :
TRANS UNION, LLC,                                :
                                                 :
Serve: Corporation Service Co., Reg. Agent       :
       1090 Vermont Avenue, NW                   :
       Washington, DC 2005                       :
                                                 :
and                                              :
                                                 :
ALLY FINANCIAL, INC.,                            :
                                                 :
Serve: CT Corporation System, Reg. Agent         :
       1015 15th Street, NW                       :
       Suite 1000                                :
       Washington, D.C. 20005                    :
                                                 :
                          Defendants.            :
_____:

## COMPLAINT

The Plaintiff, KEVIN GREEN, (hereinafter, "Plaintiff"), by counsel, and for his Complaint against Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2.      The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

4.      The Plaintiff, Kevin Green ("Mr. Green" or "Plaintiff"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5.      Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the District of Columbia.

6.      Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7.       Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

8.      Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a corporation authorized to do business in the District of Columbia.

9.      Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

10.     Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

11.     Upon information and belief, TRANS UNION, LLC ("Trans Union") is a corporation authorized to do business in the District of Columbia.

12.     Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

13.     Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

14.     Upon information and belief, Ally Financial, Inc, ("Ally") is a Delaware corporation, doing business in the District of Columbia as an auto lender and, at all times relevant hereto, was a "furnisher" as governed by the FCRA.

## FACTS

15.     In September 2010, Plaintiff filed a Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Columbia.

3

16.  On March 13, 2013, the bankruptcy was dismissed pursuant to an Order signed by the Honorable S. Martin Teel, Jr.

17.  After the bankruptcy was dismissed, Plaintiff obtained copies of his credit reports on multiple occasions and from Experian, Equifax and Trans Union and learned that each of the credit reporting agencies ("CRAs") were improperly information pertaining to the bankruptcy case.

18.  In particular, Plaintiff's credit reports indicated that he filed a Chapter 7 bankruptcy in September 2010. The CRAs' reporting made it appear as if Plaintiff filed two different bankruptcies, i.e., both a Chapter 7 and a Chapter 11.

19.  In addition, the CRAs were also inaccurately reporting Plaintiff's auto loan with Ally. For example, Experian was reporting the Ally account as "charge off" and "included in bankruptcy."

20.  Likewise, Trans Union and Equifax were reporting the pay status of the account as "included in bankruptcy," as opposed to paid in full/never late.

21.  The CRAs' reporting was inaccurate. Plaintiff never filed a Chapter 7 bankruptcy and the Ally account was not a "charge off" or "included in bankruptcy." Instead, the Ally account was paid in full in September 2012.

22.  After reviewing copies of his credit reports, Plaintiff made several written disputes to the CRAs. For example, on May 25, 2014, Plaintiff mailed a written dispute letters to the CRAs requesting that they remove all negative information relating to the Ally account and the status of the account as reported by the CRAs. In this letter, Plaintiff indicated that the loan

was paid in full in September 2012; therefore, it was inaccurate and incomplete to report the status of the account as included in bankruptcy or charge off.

23.     Neither Equifax, Experian nor Trans Union corrected the information disputed by the Plaintiff despite multiple written dispute letters from the Plaintiff.

24.     Instead, Defendants each received, but ignored the Plaintiff's disputes and refused to delete the inaccurate information regarding the bankruptcy and account from the Plaintiff's credit file.

25.     Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

26.     On numerous occasions, Experian, Equifax, and Trans Union furnished the Plaintiff's consumer reports to multiple entities which contained the inaccurate derogatory information regarding the Chapter 7 bankruptcy and the Ally account.

27.     As a result of the Defendants' conduct, the Plaintiff has suffered actual damages including but not limited to: loan denials, credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (EQUIFAX, EXPERIAN AND TRANS UNION)

28.     Plaintiff reiterates and incorporates the allegations above as if fully set out herein.

29.     Experian, Equifax, and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

30.     As a result of the conduct, actions and inactions of each of these Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:   credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

31.     Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian, Equifax, and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

32.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)
### (EQUIFAX, EXPERIAN, TRANS UNION)

33.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

34.     Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file.

35.     Equifax, Experian and Trans Union's violations of 15 U.S.C. §1681i(a)(1), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

36.     The violations by Equifax, Experian and Trans Union were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

37.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(2)(A)
### (EQUIFAX, EXPERIAN AND TRANS UNION)

38.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

39.     Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide Ally and its third-party vendor with all the relevant information regarding Plaintiff's disputes.

40.     As a result of Equifax, Experian and Trans Union violations of 15 U.S.C. §1681i(a)(2), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

41.     The violations by Equifax, Experian and Trans Union were willful, rendering of the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

42.    Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a)(4)
## (EQUIFAX, EXPERIAN AND TRANS UNION)

43.    Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

44.    Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

45.    As a result of Equifax, Experian and Trans Union's violations of 15 U.S.C. §1681i(a)(4), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

46.    The violations by Equifax, Experian and Trans Union were willful, rendering the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

47.    Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a)(5)(A)
## (EQUIFAX, EXPERIAN AND TRANS UNION)

48.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

49.     Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

50.     As a result of Equifax, Experian and Trans Union violations of 15 U.S.C. §1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

51.     The violations by Equifax, Experian and Trans Union were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

52.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(A)
#### (*ALLY*)

53.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

54.     On one or more occasions within the past two years, by example only and without limitation, Ally violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

9

55.     When the Plaintiff mailed his disputes to the CRAs, they use a dispute system named, "e-Oscar", which has been adopted by the credit reporting agencies and by their furnisher-customers such as Ally.  It is an automated system and the procedures used by the CRAs are systemic and uniform.

56.     When Equifax, Experian or Trans Union receives a consumer dispute, it (usually via outsource vendors) translates that dispute into an "ACDV" form.

57.     Upon information and belief, the ACDV form is the method by which Ally has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

58.     On information and belief, the Plaintiff alleges that to date Ally has never complained to the CRAs about the amount of information they receive regarding a consumer dispute through the e-Oscar system or through ACDVs.

59.     If Ally receives a consumer dispute ACDV form, they are aware that they may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

60.     Based on the manner in which Equifax, Experian and Trans Union responded to the Plaintiff's disputes, representing that Ally had "verified" the supposed accuracy of its reporting, Plaintiff alleges that Equifax, Experian and Trans Union did in fact forward the Plaintiff's dispute via an ACDV to Ally.

61.     Ally understood the nature of the Plaintiff's dispute when they received the ACDV from the credit bureaus.

62.     When Ally received the ACDV from the credit reporting agencies, it as well could have reviewed its own system and previous communications with the Plaintiff and discovered additional substance of the Plaintiff's dispute.

63.     Notwithstanding the above, Ally follow a standard and systemically unlawful process when it receives the ACDV dispute.  Basically, all Ally does is review its own internal computer screen for the account and repeat back to the ACDV system the same information that Ally already had reported to the CRAs.

64.     When Ally receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in their computer system is itself accurate.

65.     As a result of Ally's violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

66.     The violations by Ally were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67.     On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Ally intended its employees or agents to follow.

68.     On information and belief, the Plaintiff alleges that Ally's employees or agents did not make a mistake (in the way in which he or she followed Ally's procedures) when he or she received, processed and responded to the CRAs' ACDVs.

69.     On information and belief, the Plaintiff alleges that Ally has not materially changed its FCRA investigation procedures after learning of its failures in this case.

70.     In the alternative, Ally was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

71.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681s-2(b)(1)(B)
### (*ALLY*)

72.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous Count).

73.     On one or more occasions within the past two years, by example only and without limitation, Ally violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies.

74.     As Plaintiff detailed in Count Six, Ally has elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

75.     Ally is aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

76.     Ally does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

77.     Ally understood the Plaintiff's disputes in the status of Plaintiff's account was inaccurately reporting.

78.     Nevertheless, Ally ignored such information and instead simply regurgitated the same information it had previously reported to the CRAs.

79.     As a result of Ally's violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

80.     The violations by Ally were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Ally was negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

81.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**KEVIN GREEN**

By:__*Kristi C. Kelly*_____
                         Counsel

Kristi C. Kelly, Esq. (DC Bar No. 974872)
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
*Counsel for Plaintiff*